**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SUSAN PRICE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.,*<br><br>Defendants. | Case No. 1:26-cv-01038-JMC |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO ATTEMPT ALTERNATIVE SERVICE OF PROCESS ON DEFENDANTS BANK MARKAZI JOMHOURI ISLAMI IRAN, BANK MELLI IRAN, AND NATIONAL IRANIAN OIL COMPANY PURSUANT TO 28 U.S.C. § 1608(b)(3)(C)**

**I. INTRODUCTION**

Plaintiffs respectfully move for leave to effect service of process on Defendants Bank Markazi Jomhouri Islami Iran ("Bank Markazi"), Bank Melli Iran ("Bank Melli"), and the National Iranian Oil Company ("NIOC") (collectively, the "Instrumentality Defendants") by alternative means pursuant to 28 U.S.C. § 1608(b)(3)(C).

As set forth in the accompanying Declaration of Counsel ("Declaration"), Plaintiffs have undertaken diligent efforts to effect service through the methods prescribed by 28 U.S.C. § 1608(b). See Decl. ¶¶ 2–5. Those efforts confirm that service under § 1608(b)(1), (b)(2), and (b)(3)(B) is unavailable or impracticable. *Id*. ¶¶ 3–6.

Due to ongoing conflict in the Middle East, international mail and courier services to Iran have been suspended. As detailed in the Declaration, the United States Postal Service ("USPS"), DHL, FedEx, and UPS (collectively, the "International Couriers") are not currently accepting

shipments to Iran. Id. ¶¶ 4–5 & Ex. A. As a result, Plaintiffs cannot effect service by any form of mail requiring a signed receipt.

Accordingly, Plaintiffs respectfully request an order authorizing alternative service reasonably calculated to provide actual notice.

## II. LEGAL FRAMEWORK

The Foreign Sovereign Immunities Act ("FSIA") governs service of process on foreign states and their agencies or instrumentalities, §1608(b) establishes a hierarchical framework for service:

1.  By special arrangement between the parties (§1608(b)(1));

2.  By delivery to an authorized agent or pursuant to an applicable international convention (§1608(b)(2)); or

3.  If service cannot be made under the first two methods, by one of three alternative means set forth in §1608(b)(3).

Where service cannot be effectuated under §1608(b)(3)(B)—i.e., by mail requiring a signed receipt—the statute permits service "as directed by order of the court consistent with the law of the place where service is to be made." 28 U.S.C. §1608(b)(3)(C).

Courts have repeatedly recognized that the governing "touchstone" under § 1608(b) is whether the proposed method is reasonably calculated to give actual notice. *Janvey v. Libyan Inv. Auth.*, No. 3:11-CV-1177-N, 2011 WL 13299660, at \*6 (N.D. Tex. June 16, 2011) (quoting 28 U.S.C. § 1608(b)(3); other internal citations and quotation marks omitted); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148 (D.C. Cir. 1994); *Harris Corp. v. Nat'l Iranian Radio & Television*, 691 F.2d 1344 (11th Cir. 1982).

Plaintiffs are not seeking to effect service through the Clerk's Office under 28 U.S.C. § 1608(b)(3)(B), as such service is not possible under the present circumstances. Instead, Plaintiffs respectfully seek Court authorization under § 1608(b)(3)(C) to effect alternative service by means reasonably calculated to provide actual notice.

### III. SERVICE UNDER § 1608(b)(1) AND (2) IS NOT AVAILABLE

As set forth in the Declaration, no special arrangement for service exists between Plaintiffs and Defendants. Decl. ¶ 3. Nor is there any applicable international convention governing service of process on these Defendants in Iran. Id. Accordingly, service under §1608(b)(1) and §1608(b)(2) is unavailable

### IV. SERVICE UNDER § 1608(b)(3)(B) IS IMPOSSIBLE

Service pursuant to 28 U.S.C. §1608(b)(3)(B) is likewise unavailable. That provision requires service by mail requiring a signed receipt to the following addresses:

- **Bank Markazi Jomhouri Islami Iran -** P.O. Box 15875/7177, 144 Mirdamad Blvd, Tehran, Iran,

- **Bank Melli Iran -** Ferdowsi Avenue, N. 140, Tehran, IR-23, Iran, and

- **Iranian National Oil Company -** No. 18, Roodsar St., Hafez St., Tehran, Iran.

However, as detailed in the Declaration, all International Couriers have suspended shipments to Iran due to ongoing logistical disruptions. Decl. ¶¶ 4–5 & Ex. A.

Plaintiffs confirmed both through publicly available service alerts[1] and direct

---

[1] "The Postal Service is temporarily suspending acceptance of times destined to the following countries, due to logistics impacts resulting from the conflict in the Middle East…. Iran." https://postalpro.usps.com/node/14949 (last accessed May 13,2026); "Iran" [--] Service to this country is currently suspended." https://www.fedex.com/en-us/service-guide/dangerous-goods/international-locations.html (last accessed May 13, 2026); "Active service disruptions […] delivery services where it is safe to do so and in line with local guidance." https://www.fedex.com/en-us/service-alerts.html (last accessed May 13, 2026); "No Service Available"https://www.ups.com/ga/CountryRegsPrint?PrintRegulations=PrintRegulations&cat=002&destcountry=IR&loc=en_US&origcountry=US (last accessed May 13, 2026); " Airspace in parts of the Middle East have been

communications with the carriers that these suspensions remain in effect. *Id*. ¶¶ 4–5. As a result, Plaintiffs are unable to dispatch service materials to Defendants by any form of mail requiring a signed receipt.

Based on these efforts, there is currently no reliable means to effect service of process in Iran through traditional channels. *Id*. ¶ 6. Courts have recognized that alternative service under § 1608(b)(3)(C) is appropriate where service under § 1608(b)(3)(B) is rendered impracticable due to breakdowns in delivery systems or similar barriers. See *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570, 2022 WL 1088567, at *6–7 (S.D.N.Y. Apr. 5, 2022).

### V. ALTERNATIVE SERVICE IS WARRANTED

Because service cannot be effected under § 1608(b)(3)(B), Plaintiffs seek leave to effect service by alternative means reasonably calculated to provide actual notice.

#### A.      Service by Email

Email service should be authorized because it is reasonably calculated to give actual notice and has been approved in FSIA cases involving Iranian entities. Courts—including in this District—have repeatedly authorized service by email under § 1608(b)(3)(C). See, e.g., *Skyroad Leasing v. OJSC Tajik Air*, No. 20-cv-763 (APM) (D.D.C. Mar. 23, 2020); *Crescent Petroleum Co. Int'l Ltd. V. Nat'l Iranian Oil Co.*, No. 22-cv-1361 (JMC), 2024 WL 1885498, at *6 (D.D.C. Apr. 30, 2024).   Email service is particularly appropriate where traditional methods are unavailable and is reasonably calculated to provide actual notice. See Decl. ¶ 7.

#### B.      Service via Foreign Offices

Service on Instrumentality Defendants' known foreign offices also provides a reliable means of notice. For example, Bank Melli maintains an international branch at 43 Avenue

---

closed and maritime traffic through the Strait of Hormuz has been suspended." https://mydhl.express.dhl/ir/en/help-and-support/shipping-advice/what-documents-do-i-need.html#/sanction_documents(last accessed May 13, 2026).

Montaigne, Paris, France. Service at this location is reasonably calculated to provide actual notice and has been approved in similar FSIA cases.  Service at this location is reasonably calculated to provide actual notice and has been approved in similar FSIA cases.

### C.    Alternative Service Is Consistent with Due Process

The methods proposed are reasonably calculated to provide Defendants with actual notice and satisfy due process. Section 1608(b) does not require rigid formalism where actual notice is achieved; substantial compliance is sufficient. See *Transaero*, 30 F.3d at 153; *Harris*, 691 F.2d at 1352.

### VI. CONCLUSION

For the foregoing reasons, and as supported by the accompanying Declaration of Counsel, Plaintiffs respectfully request that the Court grant their Motion for Leave to Attempt Alternative Service of Process pursuant to 28 U.S.C. § 1608(b)(3)(C).

Respectfully submitted,

Dated: May 18, 2026

/s/  J. Christopher Klotz
J. Christopher Klotz, Esq.
**ALYSTOCK WITKIN KREIS & OVERHOLTZ, PLC**
17 E Main Street, Suite 200
Pensacola, FL 32502
P: 850-202-1010
F: 850-916-7449
Email: cklotz@awkolaw.com
        atteam@awkolaw.com

**Attorney for Plaintiffs, Price, et al.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2026, a true and correct copy of the foregoing Memorandum in Support of Plaintiffs' Motion for Leave to Attempt Alternative Service of Process was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

*/s/ J. Christopher Klotz*
J. Christopher Klotz